[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 18-12147

_____

WILLIE JAMES PYE,

Petitioner-Appellant,

*versus*

WARDEN, GEORGIA DIAGNOSTIC PRISON,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:13-cv-00119-TCB

_____

Before WILSON and JILL PRYOR, Circuit Judges.[*]

PER CURIAM:

After a jury found defendant Willie James Pye guilty of malice murder, kidnapping with bodily injury, armed robbery, burglary, and rape, he was sentenced to death. In federal habeas proceedings, Pye challenged his convictions and sentence on several grounds, including that his trial counsel provided ineffective assistance at the penalty stage and that he could not be executed because he had an intellectual disability.

After oral argument, this panel concluded that Pye was entitled to relief on his ineffective-assistance-of-counsel claim but did not reach his intellectual-disability claim. *See Pye v. Warden, Ga. Diagnostic Prison*, 853 F. App'x 548, 548 & n.1 (11th Cir. 2021) (unpublished). The panel opinion was later vacated, and this Court sitting en banc held that Pye was not entitled to habeas relief on his ineffective-assistance-of-counsel claim because "the state court reasonably concluded that Pye was not prejudiced by any of his counsel's alleged deficiencies in connecting with his sentencing proceeding." *Pye v. Warden, Ga. Diagnostic Prison*, 50 F.4th 1025, 1030 (11th Cir. 2022) (en banc). The en banc court remanded the case back to the panel for further proceedings so that we could consider the intellectual-disability claim. *See id.* at 1057.

---

[*] Due to the retirement of Judge Beverly B. Martin, this case is decided by a quorum. *See* 28 U.S.C. § 46(d); 11th Cir. R. 34-2.

The Supreme Court has held that the execution of a person with an intellectual disability violates the Eighth Amendment's prohibition on cruel and unusual punishments. *See Atkins v. Virginia*, 536 U.S. 304, 321 (2002). In *Atkins*, the Supreme Court stated that it was "leav[ing] to the States the task of developing appropriate ways to enforce the constitutional restriction" banning the execution of individuals with intellectual disabilities. *Id.* at 317 (alteration adopted) (internal quotation marks omitted).

Under Georgia law, to prove an intellectual disability, a defendant must establish three things: (1) "that he has significantly subaverage general intellectual functioning"; (2) "this functioning is associated with impairments in adaptive behavior"; and (3) "the functioning and associated impairments manifested during the developmental period," meaning before the defendant turned 18 years of age. *Fults v. GDCP Warden*, 764 F.3d 1311, 1319 (11th Cir. 2014) (internal quotation marks omitted); *see* O.C.G.A. § 17-7-131(a)(2). Georgia law requires a defendant to prove beyond a reasonable doubt that he has an intellectual disability. *See* O.C.G.A. § 17-7-131(c)(3).

Our focus in this appeal is whether Pye satisfied the second prong of the intellectual-disability standard. Pye argues that he established beyond a reasonable doubt that he has the requisite adaptive deficits. After careful consideration, we conclude that the state court's decision that Pye failed to carry his burden was not unreasonable and thus is entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C.

§ 2254(d). We reach this conclusion for the reasons stated in the district court's well-reasoned order.

Pye also argues on appeal that Georgia's requirement that a defendant prove beyond a reasonable doubt that he has an intellectual disability violates the Eighth and Fourteenth Amendments. Pye raised the claim in his state habeas proceedings, and the state habeas court summarily rejected it. Our precedent makes clear that this decision, too, was not unreasonable and therefore is entitled to AEDPA deference. *See Raulerson v. Warden*, 928 F.3d 987, 1001–04  (11th Cir. 2019) (affording deference to state habeas court decision rejecting similar due process claim); *Hill v. Humphrey*, 662 F.3d 1335, 1360 (11th Cir. 2011) (en banc) (affording deference to state habeas court decision rejecting similar Eighth Amendment claim).

We thus affirm the denial of relief on Pye's intellectual disability claim.

**AFFIRMED.**